IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RENE GARCIA                                                              PLAINTIFF

v.                              Civil No. 13-5102

OFFICER CUZIK, Washington
County Detention Center                                               DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff

proceeds *pro se* and *in forma pauperis*.

Plaintiff is currently incarcerated in the Grimes Unit of the Arkansas Department of

Correction located in Newport, Arkansas. The events that are the subject of this lawsuit occurred

while Plaintiff was incarcerated in the Washington County Detention Center (WCDC) in

Fayetteville, Arkansas. Plaintiff maintains the Defendant violated his federal constitutional

rights by using excessive force against him and by being racist.

Defendant has filed a motion for summary judgment (Doc. 19). Plaintiff has responded

to the motion (Doc. 30). The motion is now ready for decision.

### 1. Background

Plaintiff was incarcerated in the WCDC from February 9, 2013, until November 23,

2013. *Plaintiff's Response* (Doc. 30) at ¶ 1(hereinafter *Resp.*). He was serving a sentence of

incarceration. *Id.* at ¶ 2.

Plaintiff maintains that the Defendant, Officer Cuzik, used excessive force against him

on May 11, 2013. *Resp.* at ¶ 3. Cuzik entered the pod to bring in cleaning supplies and brooms

AO72A
(Rev. 8/82)

and mops. *Id.* at ¶ 4(A). Plaintiff came down from the upper tier to get a mop. *Id.* at ¶ 4(B).

Cuzik made a remark about it being about time for Plaintiff to get up. *Id.* at ¶ 4(C). Plaintiff got

a mop and returned to the top tier and began mopping. *Id.* at ¶ 4(D).

Cuzik came up to the top tier to push the "jail check button." *Resp.* at ¶ 4(E). He then

watched the Plaintiff mopping for a short period of time and Plaintiff quit mopping. *Id.* at ¶ 4(F).

Once Cuzik left, Plaintiff finished mopping and returned the mop to the bottom tier. *Id.* at 4(G).

Cuzik asked Plaintiff if he had a problem with being told to get up. *Resp.* at ¶ 4(H).

Plaintiff replied that he was not the only one hesitant to get off the bed. *Id.* at ¶ 4(I).

Cuzik then directed Plaintiff to go out to the hall. *Resp.* at ¶ 4(J). Plaintiff went out into

the hallway first followed by Cuzik. *Id.* at ¶ 5(A). The two spoke for several minutes. *Id.* at ¶

5(B). Both were gesturing with their hands and arms. *Id.* at ¶ 5(C). Cuzik reached out with both

hands and pushed him against the wall. *Id.* at ¶ 5(D). Plaintiff states he almost fell but caught

himself on the wall. *Id.*

For several seconds, Cuzik had his right index finger against Plaintiff's chest. *Resp.* at

¶ 5(E). Cuzik used no other force against the Plaintiff. *Id.* at ¶ 5(F). The two of them finished

their conversation and Plaintiff returned to the pod. *Id.* at ¶ 5(G). Plaintiff was not placed in

handcuffs or in any other way physically restrained. *Id.* at ¶ 5(H). Plaintiff was not given a

disciplinary for failing to obey orders. *Id.* at pg. 14.

Plaintiff was asked to describe any injury he sustained. He stated:

My right shoulder blade still hurts at times. After hoe squad at the ADC thats
when it hurts even more that it wont let me sleep when I lay on my right side. I
still have not recovered from my injur[ies]. I [saw] the nurse at WCDC. She put
me on Aleve for pain. I have not [seen] the nurse here at ADC because I don't
wanna owe money.

-2-

*Resp.* at ¶ 6.  No photos were taken of Plaintiff's injuries.  *Id.* at pg. 14.  Plaintiff indicates he was seen by a nurse two days later.  *Id.*  The nurse told Plaintiff he had a bruise.  *Id.*

Plaintiff was asked why he believed Cuzik was racist and how he was discriminated against.  He responded:

> Cuzik would only talk bad to the Hispanic inmates would only talk with the caucasians.  A caucasian inmate made Cuzik mad and he took it out on me. Cuzik made me feel as I was nothing.  Cuzik was the only officer I was intimidated by.  He would let any other race do anything they wanted.

*Resp.* at ¶ 7.  Plaintiff also states he talked about this during his deposition and in his complaint. *Id.*

Plaintiff was asked whether he contended Washington County had an unconstitutional policy or custom that was the moving force behind the violation of his constitutional rights.  He replied:

> I was never given the jails policy so I don't know what thay are.  I do know if I was threatening towards any officer they call for back up and place me in hand cuffs and put me in segregation and if I was not obeying an order I would have got a major disciplinary witch I was not given one.  So its ok in Washington County Jails policy for there officers to put there hands on a inmate for no resin and noting happens to them not even a disciplinary.

*Resp.* at ¶ 8.

### ***The Video***

Cuzik provided the Court with a video of the incident.  *Deft's Ex.* B-1.  The video shows Plaintiff walk out of the pod in front of Cuzik.  He is not in restraints of any kind.  Cuzik does not have his hands on Plaintiff.  When the two clear the doorway, Plaintiff faces Cuzik with Plaintiff's back to the wall.

-3-

The two are gesturing and talking.  There is one to two feet of distance between them. Plaintiff tucks and re-tucks the top of jail uniform.  Plaintiff turns so he is almost perpendicular with the wall.  Cuzik takes a hold of Plaintiff's shoulders and pushes Plaintiff's back against the wall and holds him there for a short period of time with his index finger.  There is no visible indication that Plaintiff was in pain.  The two continued talking.  Another guard then walked up.

Cuzik and Plaintiff continue talking.  After a short period of time, Plaintiff walks back into the pod.  Cuzik remains in the hallway talking to the other guard.

### 2.  Applicable Standard

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986), the record" shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.  "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

-4-

**3.  Discussion**

Cuzik maintains that he is entitled to summary judgment on the following grounds: as illustrated by the video, no excessive force was used; no official capacity claim is stated because there is no unconstitutional policy, practice, or custom; even if the Court construes the fact to allege a constitutional violation, Cuzik maintains he is entitled to qualified immunity.

Plaintiff was in convicted status when the excessive force was allegedly used.  The Eighth Amendment analysis applies to his claim.  "When confronted with a claim of excessive force alleging a violation of the Eighth Amendment, the core judicial inquiry is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'"  *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013)(*quoting Hudson v. McMilliam*, 503 U.S. 1, 6-7 (1992)).  "[E]very malicious push or shove does not amount to a deprivation of constitutional rights."  *Hickey v. Reeder,* 12 F.3d 754, 757 (8th Cir. 1993).

The Court must consider such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, the threat to the safety of the staff and inmates, and any attempt to temper the severity of the response.  *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

In *Wilkins v. Gaddy*, 590 U.S. 34 (2010), the Supreme Court held that "the extent of any resulting injury, while material to the question of damages and informative as to the likely degree of force applied is not in and of itself a threshold requirement for proving this type of Eighth Amendment claim."  *Williams v. Jackson*, 600 F.3d 1007, 1012 (8th Cir. 2010).

The video shows that Plaintiff was gesturing and appeared to be arguing with Cuzik.  These actions justified the use of some amount of force to gain control of the Plaintiff.

-5-

Here, Cuzik merely puts his hands on the Plaintiff's shoulders and places him against the wall. The type or amount of force used during this incident is not repugnant to the conscience of mankind. *Jones v. Shields*, 207 F.3d 491, 496 (8th Cir. 2000). Indeed, the Eighth Circuit has recognized that "summary applications of force are constitutionally permissible when prison security and order, or the safety of other inmates or officers, has been placed in jeopardy." *Hickey v. Reeder*, 12 F.3d 754, 757 (8th Cir. 2000). This is just such a case.

Plaintiff maintains the use of force was at least partly based on the fact that he is Hispanic. "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556, (1974)(citation omitted). Only *deliberate* discrimination is actionable under the Equal Protection Clause. *Personnel Administrator v. Feeney*, 442 U.S. 256 (1979); *Washington v. Davis*, 426 U.S. 229, 239-48 (1976). Thus, a claim of racial discrimination under the Equal Protection Clause requires a showing of discriminatory intent. *Washington*, 426 U.S. at 239-40.

Here, there is no genuine issue of fact as to whether Cuzik intentionally discriminated against the Plaintiff because he is Hispanic. There is nothing in the evidence before the Court that shows Plaintiff was singled out on May 11th because of his race. There is no indication at all that the fact that Plaintiff is Hispanic had any impact or effect on Cuzik's actions. In short, there is nothing from which an inference of discrimination can be drawn.

### **4.  Conclusion**

For the reasons stated, I recommend that the summary judgment motion (Doc. 19) be granted and the case dismissed with prejudice.

-6-

The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 19th day of August 2014.

/s/ *J. Marschewski*

 HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

-7-